UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

MATTHEW MARTIN,                          :

                Plaintiff,        :

    - against -                          :

CITY OF NEW YORK et al.,                 :

            Defendants.        :

- - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/23/08
```

**MEMORANDUM DECISION**

07 Civ. 7384 (DC)

**APPEARANCES:**   MATTHEW MARTIN
                Pro Se Plaintiff
                2175 5th Avenue
                New York, New York  10037

                BARRY TAUB, ESQ.
                Attorney for Defendant North General Hospital
                1879 Madison Avenue
                New York, New York  10035

**CHIN, District Judge**

        Defendant North General Hospital ("North General")
moves to dismiss the complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6).  For the reasons that follow, the motion is
granted.

## FACTS

        For purposes of this motion to dismiss, the facts as
alleged in the complaint are assumed to be true.  On January 16,
2007 at 11:25 p.m., some fifteen to twenty police officers and
FBI agents broke down the door to plaintiff Matthew Martin's
home.  (Compl. at 2).  The officers and agents used "excessive
force" and committed an "assault and battery" by throwing Martin
down and injuring him.  (Id. at 3).  In particular, Detective

Jerry Breen threw Martin on the floor, breaking his left wrist
and cutting him above the left eye.  (<u>Id.</u>).  The cut required ten
stitches.  (<u>Id.</u>).  Martin's wife Ramona Hayes, his sister-in-law
Kim Hayes, and his two daughters, ages seventeen and twenty-
three, witnessed the incident.  (<u>Id.</u>).

## PROCEDURAL HISTORY

Martin filed his complaint against the City of New
York, Detective Jerry Breen, the New York Police Department, the
New York City Health & Hospitals Corporation, and North General
on August 20, 2007, using the form complaint available for
violations of the Civil Rights Act, 42 U.S.C. § 1983.  The
complaint alleges violations of Martin's rights under 42 U.S.C.
§§ 1981, 1983, 1985(3), 1986, 1987, and 1988.

By order dated October 17, 2007, I granted defendant
North General permission to file a motion to dismiss without a
premotion conference.  This order directed plaintiff to oppose
the motion by December 10, 2007, "failing which the motion will
be granted on default or considered without the benefit of
plaintiff's input."  North General made its motion to dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(6) on November
17, 2007.  Martin did not oppose the motion.

## DISCUSSION

Although defendant North General moves to dismiss
pursuant to Rule 12(b)(6), I dismiss pursuant to both Rule 8(a)
and Rule 12(b)(6).

The Federal Rules of Civil Procedure require that a
pleading contain "a short and plain statement of the claim

- 2 -

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  This requirement is intended to give "the adverse party fair notice of the claim asserted so as to enable [it] to answer and prepare for trial."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  If a pleading is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," the Court may dismiss the pleading, sua sponte or on motion.  Id.; see Adames v. N.Y. City Bd. of Elections, No. 03 Civ. 10320 (DC), 2004 WL 1105668, at *1 (S.D.N.Y. May 18, 2004). Rule 8(a) also "requires that a complaint against multiple defendants 'indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'"  Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 219 (S.D.N.Y. 1997) (quoting Mathews v. Kilroe, 170 F. Supp. 416, 417 (S.D.N.Y. 1959)).

To withstand a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the complaint must plead "enough facts to state a claim for relief that is plausible on its face."  Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl. Corp., 127 S. Ct. 1955, 1974 (2007)).  "'[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations'" and will not defeat the motion.  Gavish v. Revlon, Inc., No. 00 Civ. 7291 (SHS), 2004 WL 2210269, at *10 (S.D.N.Y. Sept. 30, 2004) (quoting Citibank, N.A. v. Itochu Int'l, Inc., No. 01 Civ. 6007 (GBD), 2003 WL 1797847, at *1 (S.D.N.Y. Apr. 4, 2003)).

Martin's complaint fails to state a claim upon which relief may be granted against North General. While Martin's complaint is concise and short, it fails to give North General any notice whatsoever of the claims asserted against it. North General is not mentioned anywhere in the complaint except where it is listed as a defendant. There is no allegation that Martin was treated at the hospital following the alleged incident on January 16, 2007. Martin's complaint states that his rights were violated under various sections of Title 42 of the U.S. Code, but fails to allege that North General in particular violated his rights or to describe any activity North General engaged in that could possibly be construed as violating his rights. See <u>United States ex rel. Mikes v. Straus</u>, 853 F. Supp. 115, 117 (S.D.N.Y. 1994) (dismissing complaint for failure to state a claim because "[m]ere generalities are insufficient"). Similarly, there is no allegation that North General used excessive force, assaulted, or battered Martin.

Furthermore, the complaint does not state a plausible § 1983 claim against North General. The Supreme Court has long held that the Constitution applies only to actions by governments and their agents; private conduct generally is not regulated by the Constitution. <u>See, e.g.</u>, <u>Edmonson v. Leesville Concrete Co., Inc.</u>, 500 U.S. 614, 619 (1991). The Due Process Clause of the Fourteenth Amendment made most provisions of the Bill of Rights applicable to state and local governments, but not to private actors. <u>See, e.g.</u>, <u>Oliver v. U.S.</u>, 466 U.S. 170, 186 n.3 (1984) (Marshall, J., dissenting); <u>Cantwell v. Connecticut</u>, 310 U.S.

- 4 -

296, 303 (1940).  Section 1983 created liability against private
individuals who violate the Constitution, but only when acting
"under color of state law."  See, e.g., Dennis v. Sparks, 449
U.S. 24, 28 & n.4 (1980).

North General is a private, non-governmental hospital.
(See Hackett Aff. ¶ 3).  Martin has not alleged in the complaint
that North General acted under color of state law or as a joint
actor with someone acting under color of law, a prerequisite to a
claim under § 1983.  Accordingly, the § 1983 claim against North
General must be dismissed.

The Court also notes that Martin was instructed to
oppose North General's motion and failed to do so.

### CONCLUSION

For the foregoing reasons, defendant North General's
motion to dismiss is granted.  The Clerk of the Court shall enter
judgment dismissing the complaint against North General, without
prejudice.

SO ORDERED.

Dated:    New York, New York
          April 23, 2008

                                    DENNY CHIN
                                    United States District Judge

- 5 -